UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER PRIESTER,

    Plaintiff,

v

YAPP USA AUTOMOTIVE SYSTEMS, INC.,

    Defendant.

Civil Action No.:
Honorable

---

JAMES B. RASOR (P43476)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
JBR@RASORLAWFIRM.COM

_____

## COMPLAINT & JURY DEMAND

NOW COMES PLAINTIFF, XAVIER PRIESTER, by and through his attorneys, Rasor Law Firm, PLLC, and for his Complaint against Defendant YAPP USA AUTOMOTIVE SYSTEMS, INC., states as follows:

### GENERAL ALLEGATIONS

### Parties

1. At all relevant times, Plaintiff Xavier Priester, was a resident of the City of Romulus, County of Wayne, State of Michigan.

2. Defendant Yapp USA Automotive Systems (hereinafter "Yapp") is a domestic profit corporation. Yapp operates a facility and conducts business at issue here in the City of Romulus, County of Wayne, State of Michigan.

3. At all material times, Defendant has continuously been an employer and has continuously had at least 15 employees.

4. This lawsuit arises out of events occurring within the City of Romulus, County of Wayne, and State of Michigan.

### Jurisdiction and Venue

5. This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the Americans with Disabilities Act ("ADA") and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA").

6. This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

7. Defendant Yapp is a covered entity, which includes "employer[s]" within the meaning of the ADA and an "employer" within the meaning of the PWDCRA, MCL §37.1201(b).

8. The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

9. Venue is appropriate in this Court pursuant to 28 USC §1391(b), as this cause of action arises out of occurrences that took place within this District in the County of Wayne and Defendant transacts and conducts business within this District.

## Administrative Procedures

10. Plaintiff filed a charge with the EEOC based on disability on December 16, 2020.

11. The EEOC determined there was cause that the ADA was violated, but subsequently gave Plaintiff a Right to Sue letter on December 5, 2022.

12. Plaintiff has satisfied all jurisdictional requirements set forth by the EEOC for bringing federal causes of action as addressed below.

## COMMON FACTUAL ALLEGATIONS

13. In September of 2020, Plaintiff applied for an was interviewed by Defendant Yapp to perform work as a hi-lo driver and material handler.

14. During the pre-interview call with Yapp, Plaintiff was told that he had to pass a hi-lo test and that he was otherwise qualified for the position.

15. Plaintiff is a disabled individual in that due to a spinal cord injury, he is required to permanently use crutches to ambulate.

16. When Plaintiff arrived for his interview and hi-lo test, he was using his crutches.

17. However, Plaintiff's disability in no way limited his ability to operate a hi-lo, as he had previously held such positions elsewhere.

18. When Yapp's manager saw me on crutches, he said, "how are you going to get on the hi-lo?" and "I don't think it will work."

19. However, Plaintiff provided Yapp a doctor's note that stated he has "the physical capability to drive despite his spinal cord injury. Not only is he functionally able to work without restrictions, he is also able to drive and operate machinery without limitations."

20. Due to this letter, Yapp allowed Plaintiff to take the hi-lo test, which he successfully completed.

21. Despite that Plaintiff could perform the job and passed the test, the manager told Plaintiff that he could not hire him due to his disability, and his perception that Plaintiff could not safely perform the job.

22. Defendant's explanation for failing to hire Plaintiff is facially discriminatory: Defendant, despite evidence to the contrary, assumed that Plaintiff was unable to perform the job due to his disability.

23. Upon information and belief, Defendant's employees were not trained on the ADA's requirements.

24. Because Defendant lacks ADA policies and procedures—and in turn employee training regarding the same—maintains a facial policy of not hiring disabled individuals, and failed to engage in any interactive process that would have determined Plaintiff's abilities, Defendant violated the ADA in failing to hire Plaintiff.

## COUNT I
## VIOLATION OF 42 U.S.C § 12101, *et seq.*, OF THE AMERICANS WITH DISABILITIES ACT—DISCRIMINATION, FAILURE TO HIRE, AND/OR FAILURE TO ACCOMMODATE

25. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 24, as if fully set forth herein.

26. Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112, prohibits discrimination against any qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

27. 42 U.S.C. § 12111(8) defines qualified individual to mean an individual who with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires.

28. At all relevant times, Plaintiff, who has a spinal cord injury, is a qualified individual within the meaning of 42 U.S.C. § 12111(8).

29. Plaintiff could perform his job duties with, or without, a reasonable accommodation.

30. 42 U.S.C. § 12112(b) defines discrimination against a qualified individual on the basis of disability. The definition of discrimination includes the failure to reasonably accommodate a disabled individual. It includes the following:

    a. 42 U.S.C. § 12112(b)(3) includes in the definition of discrimination utilizing standards, criteria, or methods of

5

administration that have the effect of discrimination on the basis of disability.

b. 42 U.S.C. § 12112(b)(5) includes in the definition of discrimination the failure to reasonably accommodate a qualified individual with a disability.

c. 42 U.S.C. § 12112(b)(6) includes in the definition of discrimination the use of qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disability unless it is shown to be job related for the position in question and consistent with business necessity.

31. A reasonable accommodation under the ADA includes "job restructuring…reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations[.]" 42 U.S.C. § 12111(9).

32. The ADA also requires an individualized inquiry into each individual employee's specific situation and need for an accommodation and accommodating such a request unless the request poses an undue hardship.

33. To determine the reasonableness of an accommodation, the ADA's regulations indicate that "it may be necessary for the [employer] to initiate an informal, interactive process with the qualified individual with a disability in need of accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3).

34. Defendant violated the ADA when it discriminated against Plaintiff based on his disability by failing to hire him for a job that he was qualified for and able to perform with or without accommodations.

35. Defendant discriminated against Plaintiff by enforcing its facially discriminatory policies regarding the hiring of disabled individuals.

36. By ignoring ongoing discrimination and enforcing discriminatory policies against Plaintiff, Defendant disregarded Plaintiff's basic rights under the Americans with Disabilities Act.

37. Defendant's actions and policies in discriminating against Plaintiff based on his disability were conducted with malice or reckless indifference to Plaintiff's federally protected rights.

38. Given Defendant's basis for not hiring Plaintiff, Plaintiff has direct evidence of discrimination.

39. Instead of engaging in an interactive process to determine Plaintiff's abilities, Defendant refused to hire Plaintiff based on his disability.

40. As a direct and proximate result of Defendant's unlawful action, Plaintiff has sustained injuries and damages, including, but not limited to: potential loss of earning capacity, loss of career and employment opportunities, loss of employee benefits, loss of promotional opportunities, humiliation and embarrassment, mental and emotional distress, and loss of everyday pleasures of everyday life.

41. Pursuant to the ADA, Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

WHEREFORE, Plaintiff Xavier Priester respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, for compensatory damages in whatever amount he is found to be entitled, exemplary damages commensurate with the wrong and Defendant's ability to pay, punitive damages, and an award of his fair and reasonable attorney fees, cost of litigation, and interest.

## COUNT II
## VIOLATION OF M.C.L. § 37.1101, *et seq.*, THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT — DISCRIMINATION AND FAILURE TO HIRE

42. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 41, as if fully set forth herein.

43. The Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*, ("PWDCRA") prohibits the failure or refusal to hire, recruit or promote an individual because of a disability that is unrelated to the individual's ability to perform the duties of said job. M.C.L. § 37.1202(1)(a).

44. A disability is "[a] determinable physical or mental characteristic of an individual which may result from disease, injury, congenital conditions of birth, or

functional disorder, if the characteristic ... substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's qualifications for employment or promotion." M.C.L. § 37.1103(d)(i)(A).

45. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the PWDCRA. Specifically, Plaintiff has a physical impairment—his spinal cord injury—that substantially limits one or more of his major life activities.

46. Plaintiff was qualified for the position he was interviewing for, with or without a reasonable accommodation.

47. Defendant violated the PWDCRA when it discriminated against Plaintiff on the basis of his disability by failing to hire him because he is disabled.

48. Defendant treated Plaintiff, because of his disability, more harshly than it treated other similarly-situated prospective employees and upon information and belief, this was at least in part motivated by discrimination.

49. Defendant's actions were intentional and in disregard of Plaintiff's rights and sensibilities.

50. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination.

51. Defendant did not engage in any interactive process to attempt to accommodate Plaintiff or determine his abilities, but instead refused to hire him.

52. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the PWDCRA.

53. As a direct and proximate result of Defendant's unlawful action, Plaintiff has sustained injuries and damages, including, but not limited to: potential loss of earning capacity, loss of career and employment opportunities, loss of employee benefits, humiliation and embarrassment, mental and emotional distress, and loss of everyday pleasures of everyday life.

54. Pursuant to the PWDCRA, Defendants are liable to Plaintiff for all damages allowed under state law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, in an amount in excess of $25,000.00, plus costs, interest, and attorney fees so wrongfully incurred, as the Court deems just.

    Respectfully submitted,

    RASOR LAW FIRM, PLLC

                                       */s/ James B. Rasor*
                                       James B. Rasor (P43476)
                                       Attorney for Plaintiff
                                       201 E. 4th Street
                                       Royal Oak, MI 48067

Dated: February 28, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER PRIESTER,

    Plaintiff,

v

YAPP USA AUTOMOTIVE SYSTEMS, INC,

    Defendant.

Civil Action No.:
Honorable

_____

JAMES B. RASOR  (P43476)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
JBR@RASORLAWFIRM.COM
_____

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, XAVIER PRIESTER, by and through his attorneys, Rasor Law Firm, PLLC, by JAMES B. RASOR, and hereby demands a trial by jury in the above-captioned cause of action.

                                            RASOR LAW FIRM, PLLC

                                            */s/ James B. Rasor*
                                            JAMES B. RASOR (P43476)
                                            Attorney for Plaintiff
                                            201 E. 4th Street
                                            Royal Oak, MI 48067

Dated: February 28, 2023